UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RUDY STANKO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:10-cv-49-WTL-JMS |
| ) | |
| WARDEN CHARLES LOCKET, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The sole proper custodian in a habeas action is the petitioner's custodian. *al-Marri v. Rumsfeld,* 360 F.3d 707, 709 (7th Cir. 2004). A custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese,* 786 F.2d 414, 416 (D.C.Cir. 1986) (Parole Commission is not custodian despite its power to release petitioner). Warden Locket is petitioner Stanko's custodian and is among the designated respondents. The others designated as co-respondents are not Mr. Stanko's custodian, are not properly named as such in this case, and are **stricken from the docket and from the caption.**

2. The petitioner's request to proceed *in forma pauperis* is **granted**.

3. The request for admissions filed by the petitioner (dkt 3) is of **no effect.** Discovery in habeas corpus actions may be conducted only upon leave of court and upon a showing of good cause. That step has not been requested here and discovery has not been authorized.

**IT IS SO ORDERED.**

Date: 02/24/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Rudy Stanko
#18259-013
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808