UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RUDY STANKO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:10-cv-49-WTL-TAB |
| ) | |
| WARDEN CHARLES LOCKET, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition. This conclusion is compelled by the following facts and circumstances:

1.   Rudy Stanko is confined at a federal prison in this District and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3) based on his contention that the Federal Bureau of Prisons ("BOP") has improperly projected only a 180-day period of community placement prior to his release. He seeks an order directing the Federal Bureau of Prisons to provide him a period of 12 months of Community Corrections Placement and six (6) months of home confinement.

2.   The pivotal point for the present is understanding of what remedy is authorized and appropriate for Stanko's challenge. As noted in *Jasperson v. Federal Bureau of Prisons,* 2006 WL 3060087 (D.D.C. October 30, 2006), the Seventh Circuit has held that habeas is not an available remedy in this context, but rather that prisoners must bring civil actions utilizing the Administrative Procedures Act. This was determined in *Richmond v. Scibana,* 387 F.3d 602 (7th Cir. 2004), and is fatal to Stanko's claim here. As Stanko's supplement (dkt 14) notes, this view among the circuit courts is not uniform, but this court follows Seventh Circuit law.

3.   Stanko's habeas petition shows on its face that he is not entitled to the relief he seeks. Judgment dismissing this action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date:  07/27/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana